# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVID SAMUEL CRENWELGE,** )<br>)<br>    **Petitioner,** )<br>)<br>**v.** )<br>)<br>**STATE OF OKLAHOMA et al.,** )<br>)<br>    **Respondents.** ) | **Case No. CIV-21-892-G** |

## ORDER

Petitioner David Samuel Crenwelge, a state prisoner appearing pro se, initiated this action in September 2021 through the filing of a federal habeas corpus petition. On November 9, 2021, the Court denied Petitioner's application for leave to proceed *in forma pauperis* (Doc. No. 6) and advised Petitioner that unless he paid the $5.00 filing fee in full to the Clerk of the Court on or before November 30, 2021, or to show good cause for his failure to do so, this action was subject to dismissal without prejudice. *See* LCvR 3.3(e).

On February 4, 2022, the Court granted Petitioner's request for additional time and extended his deadline for payment of the filing fee to February 25, 2022. Petitioner was advised that "unless he pays the $5.00 filing fee in full to the Clerk of the Court on or before February 25, 2022, or to show good cause for his failure to do so, this action shall be subject to dismissal without prejudice. *See* LCvR 3.3(e)." Order (Doc. No. 13) at 2. As of this date, Petitioner has not submitted his required filing fee, shown good cause for his failure to do so, or otherwise been in contact with the Court.

Petitioner has had "ample time" to ensure compliance but has instead chosen to

disregard the Court's Order. *Soeken v. Estep*, 270 F. App'x 734, 736 (10th Cir. 2008). Further, "[a] district court possesses broad discretion in determining whether to dismiss a petition without prejudice for failing to comply with court orders." *Id.* at 735-36; *see also Thornton v. Estep*, 209 F. App'x 755, 756-57 (10th Cir. 2006); *Adams v. Wiley*, 298 F. App'x 767, 768-69 (10th Cir. 2008). Accordingly, dismissal of this matter is warranted. *See* LCvR 3.3(e) (prescribing that if an *in forma pauperis* application is denied, the litigant's "[f]ailure to pay the filing fees by the date specified, to seek a timely extension within which to make the payment, or to show cause in writing by the date specified for payment" "shall be cause for dismissal of the action without prejudice to refiling"); *Sears v. Dist. Att'y*, No. CIV-17-1195-HE, 2017 WL 7669372 (W.D. Okla. Dec. 28, 2017) (R. & R.), *adopted*, 2018 WL 837607 (W.D. Okla. Feb. 12, 2018).

## CONCLUSION

For the foregoing reasons, the Petition (Doc. No. 1) in this matter is DISMISSED without prejudice. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied.

IT IS SO ORDERED this 8th day of September, 2022.

CHARLES B. GOODWIN
United States District Judge